DISTRICT COURT OF GUAM

TERRITORY OF GUAM

ANGELA DEWITZ, as Special Administrator of the Estate of Reynaldo G. Garcia, Deceased

Plaintiff,

vs.

TELEGUAM HOLDINGS, LLC, dba GTA TELEGUAM, a Limited Liability Company,

Defendant.

CIVIL CASE NO. 11-00036

**REPORT & RECOMMENDATION**
re Motion to Dismiss Count Three of the
Second Amended Complaint

Pending before the court is a Motion to Dismiss Count Three of the Second Amended Complaint (the "Motion to Dismiss"), filed by Defendant Teleguam Holdings, LLC d.b.a. GTA Teleguam, a Limited Liability Company (hereinafter "Teleguam"). *See* Docket No. 94. The Motion to Dismiss was referred to the below-signed Magistrate Judge on November 15, 2013, from Chief Judge Ramona V. Manglona.[1] *See* Docket No. 98. The main issue raised in the Motion to Dismiss is whether Count Three of the Second Amended Complaint ("SAC"), which asserts a claim for Breach of Employment Agreement, is barred by the statute of limitations. The court had the opportunity to review all pertinent pleadings filed herein and hear argument from counsel on January 10, 2014. Based on the analysis set forth *infra*, the below-signed Magistrate Judge hereby recommends Chief Judge Manglona grant the Motion to Dismiss.

---

[1] Chief Judge of the United States District Court for the Northern Mariana Islands, sitting by designation.

## BACKGROUND and PROCEDURAL HISTORY

This is an action brought under the Americans with Disabilities Act.[2] The Complaint was originally filed on November 28, 2011. ECF No. 1. A First Amended Complaint (the "FAC") was thereafter filed the following day. ECF No. 2.

On October 4, 2013, the Plaintiff filed a Motion for Leave to File Second Amended Complaint. *See* ECF No. 74. Among other things, the Plaintiff sought to add a new claim – Breach of Employment Agreement – as Count Three to the SAC. According to the motion, this new claim was "based on newly discovered facts that further support his disability discrimination claims." *Id.* at 2.

On October 21, 2013, the parties stipulated to the filing of the SAC, and the court approved the stipulation on October 22, 2013. *See* ECF Nos. 78 and 82. On October 23, 2013, the Plaintiff filed the SAC. *See* ECF No. 84.

On November 6, 2013, the Defendant filed the instant Motion to Dismiss. *See* ECF No. 94. On December 27, 2013, the Plaintiff filed a Memorandum in Opposition (the "Opp'n) to the motion, and on January 3, 2014, the Defendant filed its Reply. *See* ECF Nos. 114 and 116.

## UNDISPUTED FACTS PERTINENT TO MOTION

The following facts and time line are uncontroverted for purposes of this motion only:

**Nov. 13, 2004**   Reynaldo Garcia entered into an Employment Agreement with Teleguam.[3] Opp'n at 2, ECF 114, and Ex. 1 thereto.[4] Relevant to the discussion herein are the following provisions of the Employment Agreement:

---

[2] This action is being brought by Plaintiff Angela Dewitz, who was appointed the Special Administrator of Reynaldo Garcia's estate. SAC at ¶11, ECF No. 84. Mr. Garcia passed away on October 7, 2007, after initiating his charge of discrimination against Teleguam. *Id.* at ¶8.

[3] At the hearing held on January 10, 2014, counsel for Teleguam stated she was not sure whether Mr. Garcia received a copy of this Employment Agreement but that it was the normal standard for employees to get a copy of such agreements.

[4] Exhibit 1 is a copy of the Employment Agreement, which Plaintiff contends was only disclosed by Teleguam to the Plaintiff in 2013 during the course of discovery. *See* Wayson Wong Decl. at ¶8 (appended to Opp'n, ECF No. 114).

  D. <u>Termination for Cause</u>. The Company may terminate this Agreement for "cause" upon fifteen (15) days' prior written notice. For purposes of this Agreement, "cause shall mean (i) the material failure of Employee to perform his duties under this Agreement (other than by reason of illness, injury or incapacity . . .) or (ii) dishonesty, fraud, knowing violation of the law in performance of employment duties, or (iii) material misconduct or material violation of the company's policies or procedures set forth in Employer's Employee Handbook, or (iv) the conviction of Employee of, or a plea of "guilty" or "no contest" to, a felony or any crime involving moral turpitude, or (v) the use of illegal drugs or habitual insobriety on the part of Employee during working hours. For purposes of this Agreement, "cause" shall be deemed to exist if the Company, upon conducting a reasonable investigation of the circumstances, believes in good faith that "cause" exists.

  E. <u>Termination without Cause</u>. The Company may terminate this Agreement and the Employee's employment with the Company without cause upon thirty (30) days' prior written notice; provided, however, that in the event of such an involuntary termination without cause, the Employee shall be entitled to a severance package from the Company[.]

Employment Agreement at ¶4, Ex. 1 to Opp'n, ECF No. 114.

| | |
|---|---|
| **June 2, 2005** | Mr. Garcia allegedly sustained injuries in a car accident while in the course and scope of his employment with Teleguam. SAC at ¶22, ECF No. 84. |
| **Feb. 14, 2006** | Teleguam placed Mr. Garcia on Family Medical Leave Act ("FMLA") leave, which was leave without pay. *Id.* at ¶30. |
| **June 12, 2006** | Teleguam gave Mr. Garcia written notice that it deemed him to have "voluntarily resigned" since he did not return to work after his FMLA leave expired on May 7, 2006. *Id.* at ¶41; Opp'n at 2, ECF 114, and Ex. 3 thereto.[5] |
| **June 20, 2006** | Mr. Garcia called Teleguam with regard to the June 12th letter and disputed his voluntary resignation. Opp'n at 2, ECF 114, and Ex. 4 thereto.[6] |
| **July 6, 2006** | Mr. Garcia's counsel (Wayson Wong) wrote a letter to Teleguam's counsel (Sinforoso Tolentino). *See* Mot. for Summary J., ECF No. 7, Ex. A thereto. |

---

[5] Exhibit 3 is a letter dated June 12, 2006, to Mr. Garcia from Karri T. Perez, Teleguam's Vice President of Administration/Human Resources.

[6] Exhibit 4 is a "Memo to File" dated June 20, 2006. Teleguam disclosed this document to the Plaintiff in 2013 during the course of discovery. *See* Wayson Wong Decl. at ¶8 (appended to Opp'n, ECF No. 114).

|   |   |
|---|---|
|  | Therein, Mr. Wong stated that "[o]n June 12, 2006, [Teleguam] constructively wrongfully terminated Mr. Garcia. On that date, . . . [Teleguam] wrote to him and told him that [Teleguam] deemed that he had voluntarily resigned. . . . However, the facts will show that [Teleguam] constructively wrongfully terminated him." *Id.* Mr. Wong further wrote: "Mr. Garcia should have been placed on worker's compensation disability status rather than on family leave status." *Id.* Mr. Wong demanded [Teleguam] immediately reinstate Mr. Garcia, and if it failed to do so, Mr. Wong requested [Teleguam] provide him "with all of the information indicating all of Mr. Garcia's rights as an employee of [Teleguam] who believes that he has been wrongfully terminated[.]" *Id.* |
| **April 5, 2007** | Mr. Garcia, through his attorney, filed a charge of discrimination against Teleguam with the EEOC office in Honolulu, Hawaii. *Id.* Attached to the charge of discrimination was a copy of the July 6, 2006 letter from Mr. Wong to Teleguam's legal counsel. *Id.* |
| **August 30, 2011** | EEOC closed its case and issued a Dismissal and Notice of Rights to the Plaintiff. *Id.*, Exh. C thereto. |
| **Nov. 28, 2011** | Plaintiff initiated this action by filing the Complaint. *See* Compl., ECF No. 1. |

## ANALYSIS

1.   <u>Motion to Dismiss - Legal Standard</u>

Teleguam asserts the statute of limitations defense to Count Three of the SAC by motion to dismiss. This defense may be raised either by a motion for dismissal or by summary judgment motion. A claim may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

"When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682

(9th Cir. 1980).

### 2. Whether Breach of Employment Agreement Claim was Timely Filed

The Plaintiff has accused Teleguam of breach of contract. Under Guam law, a breach of contract action based upon a written contract has a four-year statute of limitations. 7 GUAM CODE ANN. § 11303(a). The statute of limitations begins to run on the date the action accrues, which is generally the date of the breach in an action for breach of contract.[7] Teleguam has cited a number of cases which hold that the statute of limitations for wrongful terminations or wrongful breaches of employment contracts begins to run once the employee receives notice of a termination or that a breach has occurred. *See* Mot. to Dismiss at 3, ECF No. 94.

In the present case, the SAC asserts that Teleguam breached its contract with Mr. Garcia when Teleguam sent Mr. Garcia a letter on June 12, 2006, and based on this letter, Teleguam "constructively wrongfully terminated Mr. Garcia." SAC at ¶¶41-42. The Plaintiff contends this was a breach of the Employment Agreement because Teleguam failed to give him 30 days prior written notice of such termination. *Id.* at ¶56. To be timely filed then, the Plaintiff would have had to bring this claim by June 12, 2010. However, the Plaintiff did not file the original complaint until November 28, 2011, and the claim asserting a breach of the employment agreement was only asserted on October 23, 2013.

Based on the allegations contained in the SAC, the claim for breach of contract was brought seven years after the alleged breach. The running of the statute of limitations is apparent on the face of the SAC. Absent tolling or the application of some other legal principal, the court finds that Count 3 is time-barred by Guam's four-year statue of limitations. Accordingly, the court will next address the Plaintiff's assertions that the statute of limitations period has not run or should be tolled.

### 3. The Discovery Rule

The Plaintiff first invokes the discovery rule to postpone the date the limitations period

---

[7] In a breach of contract case involving the Guam Claims Act, the Supreme Court of Guam cited *Cannon v. United States*, 146 F. Supp. 827, 829 (Ct. Cl. 1956) for the proposition that "[a] cause of action of whatever nature can accrue only at the time that a suit may be maintained thereon, and from that date forward the applicable statute of limitations begins to run." *Pac. Rock Corp. V. Dep't of Ed.*, 2001 Guam 21, ¶49, 2001 WL 13690155, *13 (Guam Nov 7, 2001).

began to run until May 2013, when she contends is when she discovered, with the exercise of reasonable diligence, Teleguam's wrongful conduct. "The discovery rule may be applied to breaches which can be, and are, committed in secret, and moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time." *El Pollo Loco, Inc. V. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003). (citations omitted). "Ultimately, the discovery rule permits delayed accrual until a plaintiff knew or should have known of the wrongful conduct at issue." *Id.* (internal citations and quotation marks omitted). To invoke the discovery rule, a plaintiff must allege: (a) lack of knowledge; (b) lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); and (c) how and when he actually discovered the fraud or mistake. *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir.1991).

The Supreme Court of Guam stated the following with regard to the discovery rule:

> The discovery rule builds upon the statute by delaying the accrual date of a cause of action[.] A plaintiff need not be aware of the specific facts necessary to establish the claim . . . [o]nce the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, [he] must decide whether to file suit or sit on [his] rights. Ignorance of legally significant facts will not toll the statute of limitations. . . . Consequently, if a suspicion exists, the plaintiff cannot sit back and wait for the facts to find him as the burden of finding the facts falls upon his shoulders.

*Custodio v. Boonprakong*,[8] 1999 Guam 5, ¶27, 1999 WL 104490, *6 (Guam (Feb. 18, 1999) (internal citations and quotation marks omitted).

Here, the Plaintiff asserts that Teleguam misrepresented in the June 12, 2006 letter that it had deemed Mr. Garcia to have resigned (which requires no written notice) when in actuality Teleguam already had terminated Mr. Garcia without cause on May 7, 2006, which requires a 30-day notice. The Plaintiff states this assertion is based on facts disclosed by Teleguam during discovery in 2013 and by the May 23, 2013 deposition of Mary Cruz, Teleguam's Director of Human Resources. During the deposition, Mr. Wong questioned Ms. Cruz about a Teleguam Personnel Action Form dated May 7, 2006, received by the Plaintiff in 2013 during the course of

---

[8] The Supreme Court of Guam was discussing the discovery rule as it applied to Guam's medical malpractice statute of limitations.

discovery. Opp'n at 2, ECF 114, and Ex. 2 thereto.[9] *See also* Wayson Wong Decl. at ¶8(b) (appended to Opp'n, ECF No. 114). The Teleguam Personnel Action Form had a section captioned "Separation Record (check one)." Below this heading were four separate boxes labeled "Resign," "Retirement," "Death" and "Termination of Employment." The box next to "Termination of Employment" was checked (*i.e.*, "✓"). The Plaintiff contends that if Teleguam truly deemed Mr. Garcia to have resigned, then the box labeled "Resign" should have been marked with a check instead of the box labeled "Termination of Employment." The Plaintiff claims that May 23, 2013, was the earliest time she knew or should have known or Mr. Garcia, if he had survived, could have known or should have known of Teleguam's breach of the Employment Agreement.

The discovery rule postpones the accrual of a breach of contract claim until the plaintiff knew or should have known of the breach. The central question before the court then is when Mr. Garcia knew or should have known the alleged breach occurred. The record here indicates that eight days after receiving the June 12, 2006 letter, the Plaintiff called Teleguam to dispute his "voluntary resignation." Counsel for Mr. Garcia thereafter wrote to Teleguam's counsel on July 6, 2006, complaining that Teleguam had "constructively wrongfully terminated" Mr. Garcia. Therefore, it is not credible for the Plaintiff to now claim that Teleguam's termination of Mr. Garcia was done surreptitiously and could not have been discovered until May 2013.

Plaintiff cannot claim that his termination was done in secret because he always contended he was wrongfully terminated and asserted as much in his EEOC charge. Mr. Garcia and his counsel (who is now Plaintiff's attorney) suspected wrongdoing on the part of Teleguam in mid-2006 after receiving the June 12, 2006 letter. As the Supreme Court of Guam explained, Mr. Garcia need not be aware of the specific facts necessary to establish the breach of contract claim, but once Mr. Garcia suspected wrongdoing, he could not just sit back and wait for the facts to find him. Instead, it was incumbent upon Mr. Garcia to find the facts to support his claim for wrongful termination. Because Mr. Garcia and his counsel believed he had been "wrongfully terminated" – which equates to a termination without cause – they knew or should have known, with the

---

[9] Exhibit 2 is a copy of the GTA Personnel Action Form dated May 7, 2006.

exercise of reasonable diligence, of Teleguam's purported breach of the Employment Agreement as early as June 12, 2006.

Mr. Garcia and his counsel should have been aware that something was amiss in 2006. The Employment Agreement signed by Mr. Garcia back in November 2004 clearly advised him that Teleguam may terminate without cause upon 30 days prior written notice. Thus, if he and his counsel believed he had been "wrongfully terminated," this would have equated to a termination without cause, entitling him to receive 30 days prior written notice from Teleguam. Here, however, counsel waited until 2011 to file the original complaint and 2013 to bring the actual breach of contract claim. The court finds that the discovery is inapplicable to the facts herein and does not postpone the running of the statute of limitations.

4. Equitable Tolling

The Plaintiff next asserts the doctrine of equitable tolling to extend the limitations period in this case. The Ninth Circuit described the doctrine as follows:

> Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim. . . . [E]quitable tolling does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing. Instead it focuses on whether there was excusable delay by the plaintiff. If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs. However, equitable tolling does not postpone the statute of limitations until the existence of a claim is a virtual certainty.

*Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (internal citations and quotation marks omitted), *overruled on other grounds by Scoop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2011).

The Plaintiff argues that despite Mr. Garcia's due diligence, neither she nor Mr. Garcia was able to obtain the information needed to timely bring a breach of contract claim. The Plaintiff notes that after Mr. Garcia received the June 12, 2006 letter, he called Teleguam and tried to meet with Karri Perez to discuss the reason for his loss of employment, but such a meeting never materialized. *See* Opp'n at 12, ECF No. 114. The Plaintiff reiterates that neither she nor Mr. Garcia knew of the existence of a possible breach of contract claim until the May 23, 2013 deposition of Mary Cruz because Teleguam failed to give him 30 days prior written notice of his termination without cause.

The Plaintiff contends that only at this deposition was she able to gather the information she needed to pursue the breach of contract claim.

Contrary to the Plaintiff's assertions, it was not reasonable for either Mr. Garcia or the Plaintiff to delay in filing a breach of contract claim. Less than one month after he received the June 12, 2006 letter informing him that Teleguam deemed him to have resigned, Mr. Garcia and his attorney wrote to Teleguam and instead insisted that Mr. Garcia had been "wrongfully terminated." *See* Mot. for Summary J., ECF No. 7, Ex. A thereto. Obviously, Mr. Garcia refused to accept Teleguam's determination that he had resigned. Instead, he and his counsel believed that he had been "wrongfully terminated" or terminated without cause. If, as he believed, he had been terminated without cause, then Mr. Garcia reasonably should have known that Teleguam was required to give him a 30-day notice prior to said termination under the terms of the Employment Agreement. The court finds no excusable delay by the Plaintiff or Mr. Garcia, because Mr. Garcia reasonably should have known of the existence of a possible breach of contract claim within the limitations period.

5.  Equitable Estoppel

The Plaintiff also invokes the doctrine of equitable estoppel to excuse her failure to bring the breach of contract claim within the applicable statute of limitations. The Ninth Circuit described the doctrine as follows:

> Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit, whereas equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant. A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied. . . . Equitable estoppel may apply against an employer when the employer misrepresents or conceals facts necessary to support a discrimination charge.

*Santa Maria*, 202 F.3d at 1176-77 (internal citations and quotation marks omitted).

The Ninth Circuit also adopted the Seventh Circuit's explanation that equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations. . . . Equitable estoppel in the limitations setting

is sometimes called fraudulent concealment." *Id.* (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir.1990)).

In the present case, the Plaintiff states that she does not have specific facts to support the application of the equitable estoppel doctrine at this time, however, viewing the fact in the light most favorable to her, the Plaintiff claims that Teleguam misrepresented that Mr. Garcia had been deemed to have resigned when in fact it had already terminated him, and the Plaintiff relied on this misrepresentation to her detriment.

Even if the court were to accept the Plaintiff's claim that Teleguam had misrepresented the true nature of Mr. Garcia's separation from the company (*i.e.,* termination versus resignation), the court finds that neither the Plaintiff nor Mr. Garcia actually or reasonably relied on this so called misrepresentation by Teleguam. As expressed in Mr. Wong's letter to Teleguam on July 6, 2006, counsel asserted that "the facts . . . show that [Teleguam] constructively wrongfully terminated" Mr. Garcia. Mr. Garcia and his counsel were adamant that Mr. Garcia had not resigned but was terminated. The facts herein show that Mr. Garcia and his attorney have for many years asserted that Mr. Garcia was wrongfully terminated. Thus, there is no merit to the claim that Mr. Garcia or the Plaintiff reasonably relied on Teleguam's alleged misrepresentation that Mr. Garcia had resigned.

####  6. *Interdonato* Estoppel

Finally, the Plaintiff asks the court to apply the *Interdonato* estoppel doctrine to find that its breach of contract claim was timely filed. In *Interdonato*, the court recognized that "[a] defendant is estopped from asserting the statute of limitations as a bar to plaintiff's action if he has done anything that would tend to lull the plaintiff into inaction and thereby permit the statutory limitation to run against him." *Interdonato v. Interdonato*, 521 A.2d 1124, 1135 (D.C. Ct. App. 1987) (citations omitted). There, the appellants alleged that they were lulled into inaction when appellee made promises that induced them to drop suit in federal court, and appellants did not discover appellee's intention not to keep his promises until 15 years later. *Id.*

In the present case, the Plaintiff argues that through the June 12, 2006 letter, Teleguam misrepresented to Mr. Garcia that it deemed him to have voluntarily resigned when in fact

Teleguam had terminated him without cause. The Plaintiff's Opposition recognizes that "there was no breach of the Employment Agreement for failing to give any prior written notice of a resignation but there was one for failing to give 30 days prior written notice of any termination without cause." Opp'n at 14, ECF No. 114. The Plaintiff contends that Teleguam's conduct lulled Mr. Garcia and the Plaintiff into inaction and explains why they failed to bring a timely claim for breach of contract.

The court finds a lack of evidence to support the Plaintiff's contention that Mr. Garcia and his counsel were "lulled into inaction" by Teleguam's June 12, 2006. Rather, the facts show that the letter sparked Mr. Garcia and his counsel into action. Within a few days of receiving said letter, Mr. Garcia called Teleguam to dispute Teleguam's claim that Mr. Garcia had voluntarily resigned. By July 6, 2006, Mr. Garcia's counsel wrote to Teleguam's counsel insisting that Teleguam had "constructively wrongfully terminated" Mr. Garcia. Thereafter, Mr. Garcia and his counsel brought their complaints of wrongful termination to the EEOC. Thus, it is disingenuous to assert that Teleguam's June 12, 2006 letter somehow lulled Mr. Garcia into inaction. The court finds that the *Interdonato* estoppel doctrine is not applicable to the facts herein.

### 7. Leave to Amend

It is well-established that the court may deny leave to amend if amendment would be futile. *Serra v. Lapin*, 600 F.3d 1191, 1200 (9th Cir. 2000). Because it is clear that the breach of contract claim is time-barred and the court cannot see how Plaintiff can amend the pleading to save such claim from the statute of limitations defense, the court hereby recommends that Count 3 be dismissed with prejudice.

### RECOMMENDATION

Because the court concludes that the breach of employment agreement claim is time-barred and that neither the discovery rule nor the other equitable doctrines invoked by the Plaintiff are applicable to the facts herein, the below-signed magistrate judge hereby recommends that Chief Judge Manglona grant the Motion to Dismiss Count Three of the SAC with prejudice.

IT IS SO RECOMMENDED.

**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**
**Dated: Apr 09, 2014**